UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| ERIC PATRICKS, | ) |
| Plaintiff, | ) |
| vs. | ) Case No.: 2:18-cv-18 |
| METROPOLITAN LIFE INSURANCE COMPANY, | ) |
| Defendant. | ) |

## COMPLAINT

The Plaintiff, Eric Patricks, by and through the undersigned counsel, Bridget O'Ryan, files this Complaint against Metropolitan Life Insurance Company ("MetLife"), and as cause therefore states as follows:

### I. JURISDICTION AND VENUE

1. This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001. The Court has jurisdiction of this case pursuant to 28 U.S.C. §1331, in that this action arises under the laws of the United States. Specifically, Eric Patricks brings this action to enforce his rights under ERISA as authorized by 29 U.S.C. §1132.

2. Eric Patricks is a resident of Crown Point, Indiana and a citizen of the State of Indiana.

3. Mr. Patricks is a participant of the CSXC Long Term Disability Plan.

4. Metropolitan Life Insurance Company ("MetLife") is an insurance company incorporated in and having its principal place of business in New York.

5. Venue in the Northern District of Indiana is appropriate by virtue of the employer sponsored long term disability plan being administered in this District.

6. At all times relevant hereto, Eric Patricks was insured under the CSXC Long Term Disability Plan ("the Plan") issued by MetLife for the benefit of employees of CSX Corporation.

7. Pursuant to the disability policy, MetLife has agreed to pay monthly disability benefit payments to Mr. Patricks in the event he became unable to work due to illness or injury.

## II. FACTUAL ALLEGATIONS

8. Eric Patricks worked as a Special Police Agent with CSX Corporation since 1998 until he was forced to stop working on March 10, 2015 due to cerebrovascular disease and Traumatic Brain Injury with symptoms of confusion, amnesia and impaired judgement.

9. When Mr. Patricks became disabled, he applied for long term disability benefits offered through his employee benefit plan and insured by MetLife.

10. MetLife paid Mr. Patricks' long term disability benefits from September 8, 2015 through March 9, 2017.

11. In a letter dated May 1, 2017, MetLife notified Mr. Patricks that his long term disability benefits were terminated.

12. Mr. Patricks appealed MetLife's decision on October 26, 2017 and his appeal was denied on January 8, 2018.

13. Mr. Patricks has provided significant medical proof of his disability from his treating physicians, who have repeatedly opined that Mr. Patricks is disabled from performing any occupation.

14. Dr. Timothy Mullally continues to support Mr. Patricks' disability and states that he is disabled from performing the material duties of any occupation due to headaches that come on with loud sounds and busy environments, short term memory problems, has sensitivity to light, chronic headaches and dizziness.

15. Despite this proof, the Defendant refuses to continue to pay Mr. Patricks his long term disability benefits. As a result of the denial of benefits, Mr. Patricks suffers from serious financial and emotional distress.

### III.  CLAIM FOR RELIEF
### WRONGFUL DENIAL OF EMPLOYEE BENEFITS

16. Paragraphs 1-15 are hereby realleged and incorporated herein by reference.

17. From March 10, 2015, when Eric Patricks was forced to leave active employment, until the present, Mr. Patricks remains unable to perform the material duties of his regular occupation or any occupation for which he is reasonably qualified based on his education, training or experience.

18. Mr. Patricks provided the Defendant with ample medical evidence to verify his disability under the CSX Long Term Disability Plan and MetLife policy.

19. The Defendant has intentionally and without reasonable justification denied Mr. Patricks' long term disability benefits in violation of the CSXC Long Term Disability Plan and ERISA.

WHEREFORE, the Plaintiff, Eric Patricks, requests that this Honorable Court enter Judgment:

A. Finding that Eric Patricks is entitled to long term disability benefits order the Defendant to pay the past due benefits.

B. Finding that Eric Patricks is entitled to long term disability benefits and order the Defendant to pay for future monthly benefits as they become due.

C. Awarding the Plaintiff interest on the amount of back benefits which remain unpaid.

D. Awarding the Plaintiff reasonable reimbursement for attorneys' fees and costs incurred as a result of the Defendant's wrongful denial of benefits.

E. Awarding all other relief as may be just and appropriate.

Respectfully Submitted,

<u>s/Bridget O'Ryan</u>
Bridget O'Ryan
Attorney for Eric Patricks
O'Ryan Law Firm
1901 Broad Ripple Avenue
Indianapolis, IN 46220
(317) 255-1000
Fax: (317) 255-1006
boryan@oryanlawfirm.com